

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

September 3, 2009

Mr. Keith L. Hayes  Mr. R. Brooke Holstedt
PO Box 982  PO Box 3018
Salem, OR 97308  Salem, OR 97302

Mr. Paul Garrick  Ms Gail B. Geiger
PO Box 467  405 East 8th Avenue, Suite 1100
Eugene, OR 97440  Eugene, OR 97401

RE:  REVOIR, John Edwin, Jr.; Case No. 08-64892-aer13
 DiPIERRO, John Salvatore; Case No. 09-61246-aer13
 Mr. Hayes' Pending Fee Application

Counsel:

As you are aware, after an August 3, 2009, hearing on Mr. Hayes' attorney's fees in the two above-referenced cases, I took the matters under advisement. A brief review of the facts in each case is in order.

Revoir:

John Revoir filed a Chapter 7 petition on December 4, 2008, through Mr. Hayes. The case was converted to Chapter 13 on April 1, 2009, on Mr. Revoir's motion in the face of a motion to dismiss under § 707(b) filed by the United States Trustee (UST). Mr. Hayes' LBF #1305 indicates he charged a $4,500 flat fee for the Chapter 13, all of which was to be paid through the plan. The plan is dated March 21, 2009, and calls for an approximate 100% dividend to general unsecured creditors. Oregon Employees Federal Credit Union (OEFCU) is treated as a secured creditor in ¶ 2(b)(1). The collateral is listed as a "2005 Chevy." Debtor proposed to cram down the claim to $12,000 (representing the Chevy's value), to be paid at 6.5% post-confirmation interest in equal monthly payments of $627.

The § 341(a) meeting of creditors was held on May 20, 2009. Mr. Hayes' 90 day suspension from practice before this court began on May 26, 2009. See, In re Clark, 2009 WL 936666 (Bankr. D. Or. March 26, 2009) (Clark I). Before then, he was given a 60 day grace period to conclude his existing cases or find substitute counsel. Id. The confirmation hearing was originally set for June 16, 2009. On May 12, 2009, it was re-set to June 25, 2009.

On June 10, 2009, OEFCU objected to confirmation, asserting the Chevy's value was not less than $16,000. The objection further stated that "[a]t the meeting of creditors debtor's counsel agreed to increase the Vehicle's value to $16,000, so it is anticipated that an Order Confirming Plan will be submitted to the court reflecting that amendment. When that occurs this objection will be withdrawn."

Ninety minutes before the June 25th confirmation hearing, Mr. Hayes faxed a letter to the court requesting that confirmation hearings that morning, in cases in which he was attorney of record, be continued. The letter stated Mr. Hayes was working on finding substitute counsel for his clients and that Mr. Brooke Holstedt, whom he had been working with, was not available for that day's hearings.

Neither counsel for Mr. Revoir nor counsel for OEFCU appeared at the June 25th hearing. The Chapter 13 Trustee's counsel represented the case was ready to be confirmed with a $16,000 value for the Chevy, all that was needed was the confirmation order with that amendment. In light of that representation, I entered an order on the same day requiring that Mr. Revoir's attorney present a proposed confirmation order to the Trustee within 21 days. I then had noticed the August 3rd hearing to review Mr. Hayes' fees. On July 20, 2009, the Trustee's counsel advised the court, by letter, that he had not received the proposed confirmation order.

At the August 3rd hearing, Mr. Holstedt appeared and advised he was ready to substitute as Debtor's counsel for Mr. Hayes. He stated he had only received the file from Mr. Hayes on July 28th, and had not yet met with Mr. Revoir. Mr. Hayes offered no evidence as to why he had not facilitated Mr. Holstedt's retention earlier. He also admitted that he told none of his clients of his suspension. I held the plan could be confirmed with the proposed amendment.

On August 13, 2009, OEFCU formally withdrew its objection based on a plan amendment changing the Chevy's value to $16,000 and the monthly payment on the secured claim to $690. On the same date, the plan was confirmed with the amendments.[1] On August 19, 2009, Mr. Holstedt filed his LBF #1305 attaching a fee agreement signed by Mr. Revoir that date.

DiPierro:

John DiPierro filed a Chapter 13 case on March 25, 2009, through Mr. Hayes. Mr. Hayes' LBF #1305 indicates he charged a $4,000 flat fee, collecting $500 pre-petition with the balance to be paid through the plan. The plan is dated March 7, 2009, and calls for an approximate 15% dividend to general unsecured creditors. Wachovia Dealer Services, Inc. (Wachovia) is treated as a secured creditor in ¶ 2(b)(1). The collateral is listed as a 2005 Chevy Malibu. Debtor proposed to cram down the claim to $3,000 (representing the Malibu's value), to be paid at 6.5% post-confirmation interest in equal monthly payments of $594.

As in Revoir, the § 341(a) meeting of creditors was held on May 20, 2009. The confirmation hearing was likewise originally set for June 16, 2009, and then re-set to June 25, 2009.

---

[1] The amendments also increased Debtor's payment to the Trustee under plan ¶ 1 to $769, provided for payment of net tax refunds into the plan for 60 months and fixed the plan's length at 60 months.

On May 21, 2009, Wachovia objected to confirmation, asserting the Malibu's replacement value was $5,132.50. It also objected to the plan's provision that attorney's fees be paid ahead of all creditors.

Neither counsel for Mr. DiPierro nor for Wachovia appeared at the June 25th confirmation hearing. The Trustee's counsel reported the plan payments were current, but Wachovia's objection had not been resolved. I setover confirmation to August 3rd, along with a hearing on Mr. Hayes' fees. At the August 3rd hearing, Mr. Holstedt advised he was planning to substitute as counsel for the Debtor but had not seen the file yet and had not spoken with Mr. DiPierro. Again, Mr. Hayes gave no explanation for his failure to secure substitute counsel earlier. I held the plan could be confirmed if a confirmation order was submitted within 28 days, approved as to form by the Trustee. If no order was timely submitted and no dispositive motion filed, the case would be dismissed. I also instructed Mr. Holstedt to file his own LBF #1305.

No confirmation order has been tendered and as such, immediately after entry of this letter opinion and its attendant order, the case will be dismissed.

Discussion:

Section 329 allows me to review Mr. Hayes' fee agreements, deny any unreasonable fees and order any collected fees refunded to either the debtor or the Chapter 13 Trustee. Likewise, § 330(a)(4)(B) permits a review of a his fees for reasonableness. In Revoir, Mr. Hayes unreasonably charged a "flat fee" for the entire case when he knew or should have known he would be suspended during a crucial period therein. See, In re Clark, 2009 WL 2602349 (Bankr. D. Or. Aug. 21, 2009) (Radcliffe, J.) (Clark II) (discussing at length a debtor's risks during first 3-4 months of a case). In both Revoir and DiPierro he failed to advise his clients of his suspension or secure substitute counsel in a timely manner. I am therefore exercising my discretion to cancel the "flat fee" agreement in Revoir and disallow the applied-for $4,500 in fees.[2] Should Mr. Hayes resume representation of Mr. Revoir following his suspension,[3] he must file a new LBF #1305. In DiPierro, I will deny all fees except the $500 Mr. Hayes received prepetition, which he shall not be required to disgorge. He shall not, however, be entitled to collect any further fees even after the main case's dismissal.

---

[2] The respective LBFs #1305 doubled as fee applications.

[3] Mr. Hayes' original suspension has recently been extended for an additional 90 days. Clark II, supra.

September 3, 2009
Page-4

      The above constitutes the court's findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

                                      Very Truly yours,

                                      Albert E. Radcliffe
                                      Bankruptcy Judge

AER:vhd

cc:     Mr. John DiPierro, Debtor
        Mr. John Revoir, Debtor